**UNITED STATES of America, Appellee**

v.

**WEI CHIN, Appellant.**

No. 11–3081.

United States Court of Appeals,
District of Columbia Circuit.

April 4, 2013.

Suzanne Grealy Curt, Assistant U.S., John Perry Mannarino, Assistant U.S., Elizabeth Trosman, Esquire, Assistant U.S., Peter S. Smith, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Michael Alan Olshonsky, Esquire, Law Office of Michael Alan Olshonsky, Washington, DC, for Appellant.

Before: TATEL and BROWN, Circuit Judges, and SENTELLE, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellant Wei Chin was arrested as a result of a sting operation set up by the Metropolitan Police Department by way of the Internet: Chin had traveled from Maryland to the District of Columbia to have sexual relations with a person described to him over the Internet as a teenager. He pled guilty in district court to one count of knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), and was sentenced to 32 months of incarceration followed by five years of supervised release. Subsequently, Chin filed a 28 U.S.C. § 2255 petition in district court, arguing that his sentence should be vacated or set aside because his attorney at the time of his plea and sentencing

provided ineffective assistance of counsel. After a hearing, the district court denied the petition.

Chin now appeals the district court's decision. He claims that he was provided ineffective assistance of counsel when, before entering his guilty plea, his counsel failed to advise him that the statute he was pleading guilty to, 18 U.S.C. § 2423(b), proscribes (according to Chin) sexual activity with minors 12 to 15 years old. Chin argues that if he had been so advised he would not have pled guilty, and instead would have gone to trial because he believed that the teenager he was to meet was at least 16 years of age. The district court found weak this age-perception defense by Chin, noting that the record provided scant support for his claim that he thought the teenager to be 16 years of age. Instead, the court found strong support in the record that Chin believed she was 14 years of age. The court concluded that no rational defendant in Chin's position would have risked going to trial on this age-perception defense. We agree. In addition to the weakness of his age-perception defense, if Chin had gone to trial under 18 U.S.C. § 2423(b), he would have risked a statutory maximum sentence of 30 years. In sum, given the weakness of his age-perception defense and the severe consequences he would have faced had he gone to trial, Chin can show no reasonable probability that, had he been given the advice which he now claims should have been given, he would not have pled guilty. Chin has failed to satisfy the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Consequently, counsel's assistance to Chin on this issue was not ineffective. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Chin also claims that he was provided ineffective assistance of counsel when counsel failed to note an appeal of his plea and sentence. Chin claims that his wife communicated with his counsel about an appeal and that this communication put counsel on notice that there was a need for further consultation on an appeal. Notwithstanding Chin's wife's communication with counsel, the district court found credible Chin's counsel's testimony that Chin had clearly stated to counsel that he did not wish to appeal, and thus, pursuant to *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), counsel was not required to further consult with Chin regarding an appeal following his wife's communication. We affirm the district court's finding; Chin initially instructed his counsel not to appeal and Chin did nothing to countermand these instructions.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See Fed R.App. P. 41(b); D.C.Cir. R. 41.